FILED & ENTERED

AUG 03 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY vandenst DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>VIOLATION OF GENERAL ORDER 06-03 AND LOCAL BANKRUPTCY RULE 5005-4 | Case No 2:12-mp-00170 PC<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST PETER D. NITSCHKE, STATE BAR 174123 FOR FAILING TO COMPLY WITH GENERAL ORDER 06-03 AND LOCAL BANKRUPTCY RULE 5005-4, INCLUDING:**<br><br>**1) $50.00 PER DOCUMENT FILED NON-ELECTRONICALLY AFTER SEPTEMBER 24, 2012;**<br><br>**2) BEING BARRED FROM PRACTICE IN THE CENTRAL DISTRICT OF CALIFORNIA; and**<br><br>**3) BEING REFERRED TO THE STATE BAR OF CALIFORNIA FOR POSSIBLE FURTHER INVESTIGATION AND DISCIPLINE**<br><br>Date: OCTOBER 9, 2012<br>Time: 11:00 A.M.<br>Location: COURTROOM 1468 |

On November 7, 2006, the United States Bankruptcy Court for the Central District of California (the "Court") entered **General Order 06-03**, titled, "Filing, Signing and Verifying Documents by Electronic Means Using CM/ECF System."  In Paragraph "3" of General Order 06-03, the Court ordered that:

> All attorneys and trustees practicing in the United States Bankruptcy Court for the Central District of California will be required to file all documents electronically using the CM/ECF system, except for those documents listed in the Administrative Procedures that must be filed conventionally.  The Clerk of Court shall give reasonable notice of the requirement to file documents electronically using the CM/ECF system by public notice.

Attorneys were notified of the electronic filing requirement and that non-compliance with General Order 06-03 could result in sanctions via **Public Notice 07-003,** which reads in part:

> Effective April 1, 2007, attorneys who manually file documents capable of being filed electronically in five or more bankruptcy cases and/or adversary proceedings in a single calendar year must thereafter use CM/ECF, the Court's electronic filing system (see General Order 06-03).  The Court will monitor compliance with this requirement.  Failure to comply with the electronic filing requirement may result in an Order to Show Cause why sanctions or other consequences should not be imposed.

On January 5, 2009, Local Bankruptcy Rule ("LBR") 5005-4 became effective.  LBR 5005-4 incorporates terms of General Order 06-03 regarding the mandatory electronic filing requirement and limited attorney exception.  LBR 5005-4 states in part:

> (a)    **Mandatory Electronic Filing**. Except as provided in subsection (c) of this rule, all papers submitted in any case or proceeding must be filed electronically, signed or verified by electronic means in compliance with the court's CM/ECF Procedures contained in the Court Manual available from the clerk and on the court's website.
>
> ….

Case 2:12-mp-00170-PC    Doc 2    Filed 08/03/12    Entered 08/03/12 10:06:00    Desc
Main Document    Page 3 of 6

    (c)(2)    **<u>Limited Exception for Attorneys.</u>**

    (A)  An attorney who files papers in fewer than 5 bankruptcy cases or adversary proceedings in a single calendar year may file and serve papers non-electronically.

    (B)  An attorney who files non-electronically papers capable of being filed electronically in 5 or more bankruptcy cases or adversary proceedings in a single calendar year *must thereafter* file papers electronically through the court's CM/ECF system.

Neither General Order 06-03 nor LBR 5005-4 contain an exception to the requirement that attorneys electronically file all documents via CM/ECF once an attorney reaches the 5 case or adversary proceeding threshold in a single year (the "Threshold").

LBR 5005-4 also incorporates terms of General Order 06-03 regarding limited document exceptions and application of CM/ECF Administrative Procedures.  LBR 5005-4 states in part:

    (b)    **<u>CM/ECF Procedures Control</u>**.  In the event of a conflict between these rules and the CM/ECF Procedures, the current version of the CM/ECF Procedures will control.

    (c)    **<u>Exceptions to Mandatory Electronic Filing Requirement</u>**.

    ….

    (3)  <u>Paper Filed Under Seal</u>.  A motion, paper submitted for filing under seal, and proposed order must be filed non-electronically pursuant to LBR 5003-2(c)(1).

Effective January 5, 2009, the CM/ECF Administrative Procedures are contained in Section 3 of the Court Manual available on the court's website, www.cacb.uscourts.gov.  Section 3-11(a) expands LBR 5005-4(c)(3) to provide a complete list of documents excepted from the electronic filing requirement ("Document Exception") and provides:

**3-11.** **Exceptions to mandatory Electronic Filing [LBR 5005-4]**

    (a)    <u>Document Exception</u>.  The following documents shall be filed conventionally and not electronically unless specifically authorized by the court:

        (1) Documents filed under seal;
        (2) Writs of Execution;
        (3) Abstracts of judgment;
        (4) Applications for renewals of judgments;
        (5) Bonds; and
        (6) Interpleader with attached checks.

Court records reflect that attorney Peter D. Nitschke, State Bar No. 174123 (the "Non-Complying Attorney") has violated General Order 06-03 by having reached the Threshold, yet the Non-Complying Attorney has continued to cause documents that do not qualify as a Document Exception to be filed manually at the intake window of the Clerk's Offices instead of electronically via CM/ECF.

Based upon the foregoing, it is

ORDERED that the Non-Complying Attorney appear <u>in person</u> at <u>11:00 a.m.</u> on October 9, 2012 in Courtroom 1468 of the Roybal Federal Building and Courthouse, 255 E. Temple Street, Los Angeles, California, 90012 to show cause why he should not be sanctioned for violation of General order 06-03 and LBR 5005-4; and it is further

ORDERED that possible sanctions which may be imposed on the Non-Complying Attorney include, but are not limited to:

    a) a $50.00 sanction for every document manually filed by the Non-Complying Attorney, including documents filed manually at a clerk's office intake window or mailed to the court for manual filing;

    b) referral to the California State Bar for discipline;

    c) being barred from practicing law in the Central District of California Bankruptcy Court; and

    d) other monetary sanctions.

 and it is further

 ORDERED that not later than October 2, 2012, the Non-Complying Attorney must file a written response ("Response") to this order to show cause stating the reasons, if any, why the Non-Complying Attorney has not complied nor taken appropriate steps to comply with General Order 06-03 and LBR 5005-4; and it is further

 ORDERED that the Non-Complying Attorney must, that not later than October 2, 2012 serve a copy of the Response on the United States trustee and serve a Judge's Copy of the Response in accordance with LBR 5005-2(d) and the Court Manual; and it is further

 ORDERED that the failure of the Non-Complying Attorney to satisfy any requirement of this order to show cause may be deemed consent by the Non-Complying Attorney to a finding of cause and the imposition of any or all of the proposed sanctions as the court deems appropriate.

###

DATED: August 3, 2012

_____
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST (PETER D. NITSCHKI STATE BAR NO.174123 FOR FAILING TO COMPLY WITH  GENERAL ORDER 06-03 AND LOCAL BANKRUPTCY RULE 5005-4** was entered on the date stated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBRs, the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _Fill in Date Order is Lodged, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) stated below:


NONE

**2.  SERVED BY THE COURT VIA UNITED STATES MAIL**: A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) stated below:

**United States Trustee:**
U.S. Trustee Los Angeles Division
ATTN: RON MAROKO
725 S. Figueroa Street, 26th Floor
Los Angeles, CA  90017

**Non-Complying Attorney:**

Address from USBC Attorney Profile Records
Peter D. Nitschke
16520 Bake Parkway
Irvine, CA  92618

Address from www.calbar.org
Peter D. Nitschke
260 Newport Center Dr. Ste 100
Newport Beach, CA  92660


**3.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) stated below:

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of Caliifornia.

June 2011                                                                                                             F 9021-1.1.NOTICE.ENTERED.ORDER